Case number 19-5746 United States of America v. Oscar Salamanca, argument not to exceed 15 minutes per side. Ms. Erin Rust, you may proceed for the appellants. May it please the court, I'm Erin Rust. I'm here on behalf of the appellant Mr. Guevara Salamanca. Could you speak up a little Ms. Rust? Oh yes, absolutely. I'm here on behalf the appellant Mr. Guevara Salamanca, and I'd like to reserve three minutes for rebuttal. Mr. Guevara Salamanca doesn't have a single incidence of actual violence in his background, yet he was sentenced to 130 months for illegally re-entering the United States. Half of that sentence is attributable to a single prior revocation sentence that he received in hearing was held in his absence when the court knew he was in custody in a different state where he had no counsel and where he hadn't even been provided the date, time, or location of the hearing. In other words, the revocation sentence was imposed in violation of his due process rights to be heard and to have counsel. Ms. Rust, could I interrupt you and ask you a question about that? You're familiar with Custis obviously because both of you have done a good job of briefing your respective positions, and as I understand it, one of the reasons behind the decision in Custis to limit the ability to attack a prior conviction is limited simply to the absence of the right to counsel under Gideon is that they don't want the court to be inquiring into a lot of things that so of all of the things that you just said, how many of those things are actually in the record, and if so, where? In other words, the court knew that he was out of state, and then you said two or three other things. Certainly, your honor. In the PSR itself, it identifies the revocation hearing as occurring in absentia. It also identifies that he was in custody in Virginia on a different case at the same time period that the revocation hearing occurred, so those are both located directly in the PSR itself. The rest of the information is located in the state court records that I filed along with my motion to take judicial notice of the record, and judicial notice is appropriate here because these are state court records, which this court routinely takes judicial notice of state court records for a defendant's prior convictions that were pertinent to his sentencing, and the issues in this particular prior conviction is directly relevant to the issues in front of this court. These are records, however, that the district court did not have the benefit of seeing, correct? That's correct, your honor. The state court records were not before the district court, and your client did not make this argument about the South Carolina revocation before the district court either, did he? You're correct. That's true, your honor. However, this court has routinely held that errors in the this prior unconstitutional sentence has impacted his guideline range. It doubled his guideline range, this one single prior incidence. It is an error that is worthy of taking this court's notice under the argument. One more quick practical question. Did your client serve more time in conviction provided for? No, your honor. I believe they were both five-year sentences, but this conviction does impact how much time his what his guideline reigns are on this incident, though it certainly has a dramatic effect moving forward, and this is correct too, is it correct? Is it correct to characterize this as a guideline error of the same sort that we've called plain error? Yes, your honor, it is because this court has not had time with the Supreme Court. Are you all able to hear Ms. Rust? I'm not. No, Lori, I can only hear about every other word that Ms. Rust is saying. I can't hear her. I couldn't hear her either, and I think Mr. Samuelson may have been indicating he couldn't hear her as well. Marshall, she's freezing up pretty frequently. Ms. Rust, can you hear us? Yes, I'm here. I believe I was responding to a question about whether or not whether or not this can be this conviction can be attacked collaterally, and the QCIS and this court has previously held that a defendant can collaterally attack a prior conviction that was procured without counsel when counsel was unconstitutionally withheld, and that logically applies in this circumstance as well. Now, here the right to counsel is a right to counsel that stems from the Sixth Amendment, but it was triggered in this case, which we know from the state court documents that tell us that he had a right to counsel, but it is also triggered under the Scarpelli factors, and Scarpelli held that while defendants at revocation proceedings do not have a automatic Sixth Amendment right to counsel, there are many circumstances in which, based on the nature of the hearing itself, that individual defendant has a right to counsel, and those factors are present here. Scarpelli pointed to other minimum protections of due process, particularly the right to be heard and the right to present evidence as being factors that outweigh the right to counsel, so if those factors are present, then it undermines an individual's right to counsel. Obviously, we know that Mr. Guevara Salamanca did not have access to those rights as he was prevented from being at the hearing through no fault of his own. Back to the question I asked you earlier about whether the Supreme Court envisions that we look behind what happened in some of these proceedings beyond just the right to counsel. I know you've been able to get some state court records, and we know that the district court didn't see, and we know that there is some reference to these things in the probation department, but how do we know, for example, whether he got the notice and decided that he did not want to appear and therefore made no effort to see if he could be transported to South Carolina to be able to participate in this? Well, Your Honor, a couple of things. First of all, I think that there was no real way for him to seek out more information because it doesn't tell him the time, the date, or the location of the proceedings, but also, Your Honor, this burden is the government's burden. It's the government's burden. So this absence of information that we have should not fall on the shoulders of Mr. Guevara Salamanca. It's the government who is required to prove that this qualifies for an enhancement. Well, that isn't really exactly what I was asking you. I was trying to illustrate the point that Custis makes about why we don't extend this beyond the right to counsel because all of these other things either don't appear in the record or they're difficult to find or whatever, and it just seems to me, so I want to give you a chance to address this again, it just seems to me that you're making a lot of good points. I'm not saying you're not making good points. I'm not saying your client isn't sympathetic here, but I'm saying this seems to illustrate what Custis says about not addressing anything other than whether he was deprived of the right to counsel. None of this other stuff seems to be increasing within Custis. And Custis specifically addresses Gideon, and Gideon addresses only the right to counsel at sentencing. It doesn't address the right to counsel in revocation proceedings or anything else. So I'm just trying to figure out how you get all of this in, and then even if you get it in, how you come to the conclusion you do. Well, your honor, I think where the problem arises is in the Scarapelli case, where it tells us that we do in revocation hearings, we do have to look at the individual circumstances of that revocation hearing to determine whether or not the right to counsel applies to that defendant. And so while it is a more burdensome undertaking for the court and the parties in the revocation circumstance than it is under the Sixth Amendment right to counsel, the right to counsel is still essential to the fundamental fairness of the hearing. And in this particular hearing, which was extremely unusual, and I don't anticipate that this type of scenario would find itself in front of this court or many district courts on a regular or frequent basis. But in this particular hearing, he was prevented from even showing up, from having any way to assert his rights. The other side of this, your honor, is that the Custis case was dealing with the Armed Career Criminal Act, which only addressed convictions, but it also addresses juvenile convictions or juvenile adjudications. An individual with a juvenile adjudication can have that prior juvenile adjudication count as a predicate under the Armed Career Criminal Act. And the right to counsel in the juvenile context is also founded on the due process clause as opposed to the Sixth Amendment. So if we draw this line between the due process right to counsel versus the Sixth Amendment right to counsel, then we're going to get to some pretty absurd results where a juvenile who unconstitutionally was withheld access to counsel can have that conviction counted towards the Armed Career Criminal Act, but an adult conviction where the right to counsel stems directly from the Sixth Amendment, that adult conviction, which already has stronger due process protections inherent in the proceeding, would be able to laterally attack that Armed Career Criminal Act. So this is a difficulty that's arisen, but the Supreme Court in Scarpelli did not say, we don't want to look at every individual's case, so therefore no right to counsel at all. The court merely said it's not a blanket right that automatically applies, but it does apply in some circumstances, and the circumstances here in Mr. Guevara-Salamanca's case are precisely the type of circumstances where the right to counsel is so essential, and especially because of the magnitude of the impact that this conviction has had on his immediate sentence. Let me ask you if there is, in trying to understand that relationship, it seems to me that where there is not where ease of administration is lacking and finality is a problem, both of those arise in the context of partial deprivations of the right to be heard. We know all the way back to the 30s, the Powell case said the undergirding principle to the right to counsel is the right to be heard. If you're claiming I had ineffective assistance, well you had assistance and you were there, so that we're looking at how a partial deprivation resulted in an adequate amount of deprivation to require some activity, but here we have, I think, a parallel to exactly what the right to counsel is about, both in Gideon and in process. It's about the undergirding right to be heard when the record here shows in the PSR, to which no one objected, that this hearing was held in abstention. We know that it was a And in that case, doesn't it, I'm struggling with understanding why that doesn't qualify within Custis. It falls within the rules of Custis because we don't have problems with rummaging through records. It's not a guilty plea, so we don't have issues of finality and we don't have the safeguard that he was in custody and able to undertake habeas procedures. So in all of those circumstances, it seems to be a parallel. Yes, Jenner, I think that's accurate and it's important even when we do talk about when under the due process clause, when that arises, it is still tied to the right to be heard and Custis repeated over and over that the right to be heard is of without access to counsel. And in this circumstance, not only was there no counsel, but he had no ability to be heard, present any defense or any information in mitigation. One thing I don't understand and what you're saying though, is you are approaching this as the Scarpelli says, it's an unconditional right, but that's not what Scarpelli says at all. Even if Custis applies here and you treat this as if it's a Gideon case, Scarpelli also goes on to say that you at least have to allege that the revocation was unwarranted and the reasons why the revocation was unwarranted were complex or difficult to develop and present. And there's of a serious offense burglary. And then he, and the court says in Gagnon that that's, that's a very situation in which counsel need not ordinarily be provided to a probation or facing revocation. Before you answer Judge McKee's question, let me add one other fact to it. He pled guilty to the Virginia burglary. So he pled guilty to the basis for the South Carolina revocation. Is that correct? Your Honor, the burglary was not, the Virginia, if I remember correctly, and I'm looking over the allegations for the basis for his revocation, and this is at document 32-2 in the appellate record. There are a number of allegations here and the court found him guilty on all of the allegations that are included. And I don't believe that the Virginia case was included on the list of violations. I don't see it there. So it doesn't appear that the Virginia revocation was an actual basis for, excuse me, the Virginia conviction was an actual basis for the revocation in South Carolina. And even if it was, it was not the only basis. There are other factual bases that make it a more complicated case. The other thing that's important to remember is that the Supreme Court has told us in the Tucker case that when a defendant is deprived from the ability to present, even when the defendant is in fact guilty of the underlying conviction, the fact that it was procured without his ability to present, um, properly be heard because of no counsel, that is a consideration that the federal sentencing judge or the current sentencing judge should be aware of. Um, Ms. Russ, let me, let me interrupt you because you're going to run out of time here. I think my question, I think she already ran out of time. I think she's continuing to talk because we're asking her questions. So if Julie, if I let me just finish this. What colorable complicated claim could he have made that revocation was unwarranted under this situation, which is the hoop he has to jump through, even if Custis extends to these Scarpelli claims. Um, your honor, I'm, I'll get to that. Um, but it's important to remember that the, well, why don't you get to it first? Because that's the question he asked. Well, the complexity of the defense is not the only factor that Scarpelli tells us to look at. It is one of them. Ms. Russ, Ms. Russ, you're, you're out of time. So I'm going to give you one more shot. Just from my perspective, I get all this other stuff. Just tell me what colorable complicated claim could he have made regardless of whether there's Well, your honor, he could have presented a number of important pieces of information in mitigation. And if in mitigation, the court could have sentenced him to a term of imprisonment of less than 13 months, which would have meant that it would not have been included in my range here. So if he had been able to present mitigating information to the court, sufficient to get a, a reduced revocation sentence of less than 13 months, then his current sentence would not have been doubled based on there are very real implications and consequences to this individual defendant, um, that are, are large because he did not have counsel and did not have the other protections of due process, namely the right to be heard, um, at this revocation hearing. All right. We'll hear from Mr. Samuelson, assuming there are no other questions. Mr. Samuelson, you may proceed. Thank you. May it please the court. My name is Brian Samuelson and I represent the United States. I'd like to start where we left off in, in the fifth and sixth amendment rights to counsel are treated differently under Custis. And that rule makes sense. We know that they're treated differently because the Supreme court has said that they're treated differently. Custis itself explicitly refused to expand the right to collaterally attack a prior conviction or sentence beyond the narrow right to appointed counsel recognized in Gideon. And this court has held that a defendant may not collaterally attack a prior probation revocation on due grounds, even when there was no revocation hearing at all. That's the Carter case. And, and certainly the, the absence of any hearing at all includes a violation of any due process, right? That a petitioner may have had to counsel at the revocation proceeding. So Custis and Carter are the counsel wasn't, wasn't Carter vacated by the Supreme court. How can you rely on a, on a case that's been vacated by the Supreme court? It was your honor. It was vacated in 2005 in 2007 in United States v. Lalonde. This court cited Carter. It relied on Carter. And they explicitly said that Carter is still binding in these matters. So I believe, although it was vacated on, on Booker grounds, following Booker, the rationale about the Custis rule is still because there, there was actually an attorney present. The individual was not, but he was represented by counsel. That's right. And Lalonde is important. First of all, because it tells us that Carter is still good law, but it's also important because it shows that a defendants may not mount a collateral attack on a prior conviction sentence on due process grounds, even when the due process violation is substantial or would be considered structural error. In Lalonde, he was deprived of counsel. He was convicted following a guilty plea entered in absentia, which was a clear violation of Kentucky law and was certainly a substantial deprivation of due process. Nevertheless, even though that due process right was very important, Lalonde tells us it's not the proper subject for a collateral attack at a later unrelated sentencing proceeding. So the rule coming out of, of Custis as applied by Carter is that the only ground for collateral attack on a prior conviction of sentence is the narrow ground of, of violation of the right to appointed counsel recognized in Gideon. And that rule makes sense considering the difference between the Sixth Amendment right to counsel and the Fifth Amendment right to counsel. The Sixth Amendment right to counsel categorically applies to critical stages of prosecution. We can tell just by looking at the nature of the proceeding, whether the Sixth Amendment right to counsel applies. So it's easy to tell if it attaches and it's easy to tell if it violated. The Fifth Amendment right to counsel is very different. It applies on a case-by-case basis. And this is what Scarpelli tells us. It applies case-by-case and it turns on very particular granular facts. Scarpelli tells us in the probation revocation context, it can turn on facts as minor as whether there were any cross-examined. It can turn on facts, whether the documents were particularly complex. On the other side of the scale, it might matter if the defendant has admitted the conduct underlying the revocation hearing. So, so it's a very granular case-by-case inquiry and that makes all the difference based on what the Supreme Court has told us in Custis is the reason that collateral attacks are generally not allowed. Allowing collateral attacks on Fifth Amendment grounds, Fifth Amendment lack of counsel grounds would threaten the finality of previous judgments by inviting courts to scour state court records for due process defects. It would threaten to delay the orderly administration of justice as state courts are forced to rummage through documents that are, might be old or missing or incomplete. Why would there be, why would there be that problem here where it's undisputedly in the PSR that the hearing was, if it, if it was held at all, was held in abstention. He received a notice, we know that. It didn't include any of the information that would tell him when or where and neither he nor counsel were present. So that seems to me, that's where I'm struggling with this distinction between partial deprivations where we have to go and figure out exactly what made it a deprivation. Was it ineffective assistance or was it not? Was the plea knowing or was it not? Here, he was just flat out not there and nobody was there on his behalf. Why doesn't that touch exactly what we have all the way from Powell through Gideon, all the way up to even just to the general due process rights that this is a, this was a hearing that was held without him present. Because your honor, it's not clear that the due process right inquiry. One major factor in that inquiry is whether the conduct underlying the parole revocation is disputed. Here, the PSR tells us that he was revoked because he had sustained a separate conviction in Virginia. There is, that conviction has not been attacked. There's no dispute that that conviction occurred, that it was valid, and that is precisely the type of undisputed conduct that Scarpelli tells us does not require a hearing. I'm sorry, does not require counsel at a revocation hearing. Well, doesn't it matter that the state of South Carolina thought he had a right to counsel and so informed me? The state of Carolina has a, provides for a right to counsel by rule. It provides a statutory right to counsel. I don't think this, I don't think the documents we have suggest that South Carolina thinks there's a constitutional due process right to counsel present here. Well, they simply say in the, in their notice that he has a right to counsel. Doesn't cite a, doesn't cite a statute, doesn't say anything other than you have a right to counsel. Yes, your honor, but I don't, I don't think it's clear that the due process right to counsel attaches. My understanding of South Carolina law is that there is a Supreme Court rule providing for counsel in these proceedings, but it is, it is not clear that the due process clause provides a right to counsel. In fact, what we know of Scarpelli... Help me, I'm struggling with the, all the way back from Morrissey on the explanation, you know, the Morrissey explains what, what due process rights attach in revocation hearings and the right to be heard falls within those requirements. So, I'm struggling with why we are aren't back to this complete deprivation of the right to be heard. And two, as you address that, a deprivation that was not even mentioned by the, by the district court in sentencing. So, your honor, I think there are two parts to your, your question. The first is whether, so I'd like to take them in turn. The first is whether there's been a, whether the due process clause provides a right to heard and, and, and whether that matters. This court has held, for example, in Lalonde that even when there have been serious deprivations of due process rights that affect the right to be heard, for example, the right to be present during a guilty plea, that is not a proper basis for collateral attack because it sounds in the due process clause and exceeds the scope of the narrow custis exception, which applies only to Gideon violations. And is that because he was in fact heard at that hearing because though he was not his counsel was. No, your honor. We have, he was not heard at all. Mr. Salamanca was not, did not exercise his right to be heard at all in this hearing because no one was there on his behalf. No, your honor. We know from Carter that that is not determinative because in Carter, there was a probation revocation where there was no hearing at all, which certainly foreclosed the ability to there was certainly no, no counsel. There was, there was no defendant. There was just no hearing. And that was not a proper basis to attack the revocation in Carter because it sounded in the due process clause and not the narrow exception, which applies only to Gideon violations. And I, I, I believe there's a second part to your, your question about whether the district court acknowledged this, this defect, if there was any in the sentence proceeding. I think that would be sounding in procedural due process. So, so give me your answer to that. The, uh, the PSR notes that this hearing was conducted in absentia, that PSR was before the district court and it was, uh, explicitly adopted by the district court. So I think we can presume that the district court was aware of that fact at sentencing. It did the district court certainly, uh, took the defendant's criminal history into account when it was sentencing the defendant. It did not place any explicit weight on the fact that he had served a sentence upon revocation of parole. So I don't think this is a case where the district court was placing undue weight on a revocation sentence that later turned out to be defective. Uh, so, so both because the district court was aware of the fact as illustrated by the PSR and because the district court's explanation of the sentence didn't seem to put much of any weight on the revocation sentence. I do not think there was, um, anything would have changed or are there any new facts that the district court could. Well, then the question becomes, does, is it incumbent upon a judge to look at the 3553 factors that include his personal history? And is it not a failure to mention that this very old conviction that was declared resulted from, from a revocation that everyone involved in this agrees was unconstitutional. And that's not even mentioned as part of the characteristics or concerns. It brings the months, brings it into the timeframe, I think the 10 years that it wouldn't have been in otherwise. It doubles, it doubles the timeframe up to 130 months and there's no mention or reference to that personal history or characteristic by the judge at all. Why is that not a procedural error? You know, I think that's where the plain error standard applies. The court didn't address it because the defendant did not argue at sentencing that this conviction was defective. And, and so that did not, um, that that issue was not raised. Now the defendant, while the government has the burden to establish that enhancement applies, the defendant has the burden to collaterally, to attack a prior sentence or to show that a prior sentence was constitutionally unsound. And the defendant did not raise that argument below, which is why it does not present itself in the district court's explanation of its sentence. Could I ask the clerk to tell me where we are time-wise? I was looking for something in my file and stopped looking at you. We have two minutes remaining. Okay. All right. Thank you. I just gotta go. So I think the rules coming out of Custis and Carter, uh, show that the only ground for collateral attack is the Sixth Amendment right to counsel as recognized in Gideon. There is no Sixth Amendment right to counsel in probation revocation hearings. And so the, the narrow ability to collaterally attack a prior conviction or sentence during a sentencing proceeding, uh, is not applicable here. This court has repeatedly held that the defendant cannot challenge a prior conviction or sentence, uh, in an unrelated sentencing proceeding on due process grounds. That's Custis, that's Carter. And, and the result is, uh, is, is what was outlined in McAllister, which is that this distinction between a Fifth Amendment right to counsel and a Sixth Amendment right to counsel, and in probation revocation hearings, there is no Sixth Amendment right to counsel. So, so those rules are, are binding and I, I think they determine the outcome of this case. In some there, there's, there's a very narrow window to attack, uh, convictions in an unrelated sentencing proceeding for good reason, because we don't want courts to, to open up proceedings in, in a hearing that's, that's not designed to, to mount collateral attacks on prior convictions. The burden is on the defendant to show a violation of the Gideon right. The defendant did not do that here. He did not attempt to do that here. And if he had, he could not have done so because there is no Sixth Amendment right to counsel in probation revocation proceedings. Uh, for that reason, I, I urge this court to affirm the, the sentence as imposed. All right, Ms. Rust, you have your rebuttal time. Thank you, Your Honor. Um, briefly, Your Honors, the Carter case, um, the defendant did not allege a lack of counsel in that case. So it was not, it did not address the access to counsel question. Um, the Lalonde case, the defendant did not assert, um, a federal right or, um, access to counsel. Um, so again, that doesn't directly control the case here. And McAllister was an unreported case, which is not binding on this court. And it did not wrestle with the difficult questions here between the due process right and the Sixth Amendment right. Um, Hustos did, um, talk about some difficulties in, as the reason for why we don't collaterally attack sentences, but it held out the right to counsel because of its central importance to ensure that fundamentally unfair judicial proceedings. And that concern is the same basis for the Fifth Amendment due process right to counsel. And this case is the perfect, the quintessential example of why counsel is required, at least at some revocation hearings, because there were no other due process protections in place that were afforded to this individual. Um, but again, again, why, why at this revocation proceeding, you, you still have yet to say, to give any reason why it would be appropriate at this particular hearing. Your Honor, Scarpelli tells us that there are multiple factors that we look at. And one of those, which is a requirement is that there'd be other due process protections in place. And the absence of other due process protections in place establishes or brings about the right to counsel. That is also weighed against the adversary nature of the process. In Scarpelli, they were assuming that the, um, government was not represented by an attorney and they were assuming that it was not in front of a judge, but was in front of a board of lawmakers, an informal process. Here we have a adversarial process and here we have facts that are at issue, including some significant mitigation. And the mitigation came out in great detail at Mr. Guevara-Salamanca's sentencing hearing. And that mitigation alone is complex enough that he had a right to counsel to represent him at this hearing. Your Honors, even if the court is unwilling to make a categorical rule here or to consider this a question of the due process analysis under the right to counsel, this court should still remand under the reasonableness question. And this court has previously in the Robertson case remanded, even though it was, the question was not presented below. Once it discovered that an individual had a adjudication in absence of the due process right to counsel, this court remanded for the district court to evaluate whether or not that due process right was violated. Thank you. Thank you. Thank you for your argument, both of you. We will consider the case carefully.